IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CURTIS SCOTT SMITH and | ) | Case No. 05-10041 |
| DONIA TROTTER SMITH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| RANDLE W. BENNETT, | ) | Adversary Proceeding |
| | ) | No. 05-2079 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CURTIS SCOTT SMITH and | ) | |
| DONIA TROTTER SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATION OF WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

This MATTER came before the Court on April 18, 2007, upon the Request for Writ of Habeas Corpus Ad Testificandum ("Request for Testimonial Writ"), filed on April 11, 2007. Jennifer Adams appeared on behalf of the Defendant, Curtis Scott Smith ("Mr. Smith"), and Robert E. Price, Jr. appeared on behalf of the Plaintiff, Randle W. Bennett ("Mr. Bennett"). On April 12, 2007, the Request for Testimonial Writ was served via United States mail and facsimile on the above-referenced debtors (the "Smiths"); G. Harold Plaster, Pittsylvania County Sheriff; Harlon Costner, U.S. Marshal; David N. Grimes, Esq., Commonwealth Attorney, Pittsylvania County; Anna Mills S. Wagoner, U.S. Attorney for the Middle District of North Carolina; Robert E. Price, Jr., attorney for Mr. Bennett; Michael D. West, Bankruptcy Administrator; and Gerald

S. Schafer, Chapter 7 Trustee.

The above-captioned adversary proceeding is presently pending before this Court. The trial of this adversary proceeding is scheduled for 9:30 a.m. on May 3, 2007, in Greensboro, North Carolina. Presently, Mr. Smith is incarcerated in Pittsylvania County Jail in Chatham, Virginia. The Request for Testimonial Writ requests that the Court issue a Writ of Habeas Corpus Ad Testificandum (the "Testimonial Writ") to secure Mr. Smith's presence at the trial on May 3, 2007, or on any other date to which the trial may be continued.

**A.  The United States District Court Has the Authority to Issue the Testimonial Writ**

Section 2241(a) of Title 28 provides that a writ of habeas corpus may be issued by "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Furthermore, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . it is necessary to bring him into court to testify or for trial." 28 U.S.C. §2241(a) .

"It is not clear whether a bankruptcy court as an adjunct of the district court has independent authority to issue such a writ." In re Larson, 232 B.R. 396, 398 (Bankr. W.D. Wis. 1999); Ownby v. Cohen, No. Civ.A. 3:02CV00034, slip op. at *5 (W.D. Va. August 15, 2002)(2002 WL 1877519); see also In re Cornelious, 214 B.R. 588 (Bankr. E.D. Ark.1997) (finding no authority in bankruptcy court to issue writ of habeas corpus); In re Bona, 124 B.R. 11 (S.D.N.Y. 1991)(discussing the doubtful authority of bankruptcy courts to issue writs of habeas corpus). The Larson court stated that it is questionable whether the bankruptcy courts have the statutory authority to issue writs of habeas corpus and that "if it appeared that a debtor were entitled to issuance of the writ, the court would certify the matter to the district court, with a recommendation that the writ be issued by that court." Id. at 398. An examination of another

statute, 28 U.S.C. §2256, casts further doubt on the ability of a bankruptcy court to issue such a writ. Congress granted authority to bankruptcy courts to issue writs of habeas corpus in 28 U.S.C. §2256, but the statute was repealed before it ever became effective. See Crestview Funeral Home, Inc. v. McCormick, No. 95-11923, slip op. at*2 (10th Cir. BAP Dec. 13, 2002)(2002 WL 31793997); Bryan v. Rainwater, 254 B.R. 273, 276 (Bankr. N.D. Ala. 2000).

**B.  The United States District Court Has the Jurisdiction to Enter the Testimonial Writ**

The United States Supreme Court has held that the writ of habeas corpus ad subjiciendum (the "Great Writ") is "issuable only in the district of confinement." Carbo v. United States, 364 U.S. 611, 618 (1961). The Fourth Circuit has ruled that courts should not presume "that territorial limitations applicable to the Great Writ also apply to the lesser writs." United States v. Moussaoui, 382 F.3d 453, 465 (4th Cir. 2004). In Carbo, the Court considered whether the writ of habeas corpus ad prosequendum (the "Prosecutorial Writ") applied extraterritorially. 364 U.S. at 611-12. The Court noted that the Great Writ had been territorially limited since at least 1875. Id. at 614-18. In contrast, the Prosecutorial Writ existed for the purpose of bringing a defendant into a jurisdiction for prosecution and this was not traditionally territorially limited. Id. The Court held that when Congress enacted 28 U.S.C. § 2241, it did not intend to abandon the distinction and that the Prosecutorial Writ may be issued extraterritorially. Id. at 620-21. In Moussaoui, the Fourth Circuit held that the reasoning of Carbo applies equally to the Testimonial Writ and that it is "clear that a district court can reach beyond the boundaries of its own district in order to issue a testimonial writ." 382 F.3d at 465-66.

Pursuant to 28 U.S.C. §2241, this Court may not grant issue the Testimonial Writ. However, pursuant to the Fourth Circuit's ruling in Moussaoui, the United  District Court for the

Middle District of North Carolina has the authority to issue the Testimonial Writ. In this case, such a writ would direct the Sheriff of Pittsylvania County, Virginia, to secure the presence of Mr. Smith at trial.

## C.  The Testimonial Writ Should Be Issued

The District Court has the discretion to issue a writ of habeas corpus ad testificandum. Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976)(citing Price v. Johnston, 334 U.S. 266 (1948)). A court may consider eight factors in determining whether it should issue a writ of habeas corpus ad testificandum, as follows: (1) costs and inconvenience of transporting the prisoner from his place of incarceration to the courtroom; (2) any potential danger or security risks which the presence of the prisoner would pose to the court; (3) whether the matter at issue is substantial; (4) need for an early determination; (5) possibility of delaying trial until the prisoner is released; (6) probability of success on the merits; (7) integrity of the correctional system; (8) interests of the inmate in presenting his testimony in person rather than by deposition. Stone v. Morris, 546 F.2d 730, 735-36 (7th Cir.1976). "Because the issuance of the writ is discretionary, no one factor is dispositive of the analysis." Larson, 232 B.R. at 399.

Not all of the factors are applicable in this case. However, the applicable factors weigh in favor of issuing the Testimonial Writ. First, the expense for transporting Mr. Smith from Chatham County, Virginia would not be significant. The Pittsylvania County Jail in Chatham, Virginia, is only about a forty-five minute drive to this Court in Greensboro, North Carolina. Second, the presence of Mr. Smith would not pose a security risk. Mr. Smith is currently on work-release and is away from the Chatham County Jail unsupervised from 6 a.m. until 9 p.m. six days each week. Although Mr. Smith is allowed to travel throughout the state of Virginia, his

conditions of confinement do not allow him to leave the state of Virginia.  Finally, the issue of nondischargeability in this case is substantial, and the need for Mr. Smith's testimony at his own trial is strong.

**D.  This Court Certifies the Testimonial Writ to the United States District Court**

This Court hereby certifies the attached Testimonial Writ to the United States District Court for the Middle District of North Carolina and recommends that the Testimonial Writ be issued by said District Court, requiring that G. Harold Plaster, Pittsylvania County Sheriff, present Mr. Smith before this Court for the trial of the above-captioned adversary proceeding at 9:30 a.m. on May 3, 2007, or on any other date and time to which the trial may be continued, in Courtroom No. 2, 101 South Edgeworth Street, Greensboro, North Carolina.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CURTIS SCOTT SMITH and | ) | Case No. 05-10041 |
| DONIA TROTTER SMITH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| RANDLE W. BENNETT, | ) | Adversary Proceeding |
| | ) | No. 05-2079 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CURTIS SCOTT SMITH and | ) | |
| DONIA TROTTER SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

**TO THE SHERIFF OF PITTSYLVANIA COUNTY VIRGINIA, THE HONORABLE G. HAROLD PLASTER:**

**COMES NOW THE UNDERSIGNED JUDGE** and it appearing to the Court that the presence of Curtis Scott Smith is necessary in order to prosecute the trial in <u>Randle W. Bennett v. Curtis Scott Smith and Donia Trotter Smith</u>, Adversary Proceeding No. 05-02079G, presently pending before the United States Bankruptcy Court for the Middle District of North Carolina. Curtis Scott Smith is required to appear before the United States Bankruptcy Court for the Middle District of North Carolina as a named Defendant, for the trial in the above-referenced Adversary Proceeding at 9:30 a.m. on May 3, 2007, or on any other date and time to which the trial may be continued, in the United States Bankruptcy Court at Courtroom No. 2, 101 South

Edgeworth Street, Greensboro, North Carolina. It further appears that Curtis Scott Smith is now confined in the Pittsylvania County Jail located on Bank Street in Chatham, Virginia, where he is serving a criminal sentence and that his presence in United States Bankruptcy Court cannot be secured under the ordinary process or subpoena of the United States Bankruptcy Court for the Middle District of North Carolina, and that he is presently in State Court custody in Virginia.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** by the United States District Court for the Middle District of North Carolina, pursuant to the powers enumerated in 28 U.S.C. §2241(a), that the above-named person, Curtis Scott Smith, is a necessary party and witness in the trial of this adversary proceeding, and the Sheriff of Pittsylvania County, the Honorable G. Harold Plaster, is directed to deliver Curtis Scott Smith to the United States Bankruptcy Court at 9:00 a.m. on May 3, 2007, or on any other date and time to which the trial may be continued, in Courtroom #2, 101 South Edgeworth Street, Greensboro, North Carolina, for a trial before the United States Bankruptcy Court for the Middle District of North Carolina. Said prisoner is to be under the custody and control of the Pittsylvania County Sheriff and/or the United States Marshal for the Middle District of North Carolina for the duration of the trial in the above matter. It is further ordered that once the trial of the Adversary Proceeding has been completed and Curtis Scott Smith is released by the United States Bankruptcy Court for the Middle District of North Carolina, he shall remain in the custody of the Sheriff of Pittsylvania County, or his deputies, and the Defendant shall be returned to the custody of the Pittsylvania County Jail upon completion of the trial, subject to further orders of this Court.